UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERHANE KIROS OKUBE,<br>Petitioner,<br>v.<br>BRUCE SCOTT,<br>Respondent. | CASE NO. 2:26-cv-02001-JHC<br>ORDER |

This matter comes before the Court on Berhane Kiros Okube's Petition for Writ of Habeas Corpus. Dkt. # 1. For the reasons below, the Court GRANTS the petition in part.

Petitioner argues that he is entitled to relief because his ongoing detention has become prolonged and indefinite, in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001), and the Due Process Clause of the Fifth Amendment. *See id.* at 6. The petition also raises various issues concerning a July 29, 2025 immigration hearing and a related order of removal, issued that same day. *See id*. at 5–6. And it requests the following relief: (1) release from detention under appropriate conditions of supervision; (2) an opportunity to file a motion to reopen the removal proceedings; (3) an injunction prohibiting GPS ankle monitoring upon release; (4) an injunction prohibiting re-detention without a valid travel document for Eritrea and a hearing before a neutral decision-maker in which the Government bears the burden of establishing flight risk or

danger to the community; (5) an injunction prohibiting third-country removal without notice and a meaningful opportunity to respond; and (6) return of all personal property that was taken during the arrest. *See id.* at 6.

The Government responds that the Court should deny the petition, contending that because Petitioner's *in absentia* order of removal did not become final until 180 days after it was entered, Petitioner's request for release is premature. *See* Dkt. # 5 at 6. It also suggests that release is inappropriate, as "ICE is actively working to obtain a travel document for Petitioner's removal to Eritrea." *Id*. at 6. And it asks the Court to deny the other requested relief, arguing that: (1) the Court lacks subject matter jurisdiction to consider issues related to Petitioner's removal proceedings; (2) Petitioner has failed to establish that he will suffer irreparable injury as a result of being ordered to wear a GPS ankle monitor; (3) Petitioner's request for injunctive relief prohibiting third-country removal is too speculative and not ripe for review; and (4) the Due Process Clause does not require a pre-deprivation hearing for individuals like Petitioner before re-detention. *Id*. at 6–12.

Here, it is undisputed that Petitioner has been detained since November 22, 2025. *See* Dkt. ## 1 at 2; 5 at 5; 10 at 2. And while the parties disagree as to whether Petitioner's *in absentia* order of removal became final in July 2025 or in January 2026, *see generally* Dkt. ## 1, 5, & 10, it is now July 27, 2026. Thus, even under the Government's timeline, it is uncontested that the 6-month, presumptively reasonable period of post-order detention under *Zadvydas* has expired. *See* Dkt. # 5 at 6 (stating that "Petitioner's presumptively reasonable period of post-order detention runs through July 25, 2026"). Petitioner has also shown "good reason" to believe that removal is unlikely: (1) the Government already tried, and failed, to remove him to Eritrea in 2017; (2) Petitioner has been detained since November 2025, absent any stay or other procedural hurdle for removal; and (3) the Government began the travel document request process in

December 2025—now, more than 7 months ago—but has yet to receive a travel document for Petitioner. *See* Dkt. # 1 at 5; 10 at 3–4. And while the Government asserts that ICE "is actively working to obtain a travel document" and "believes there is a significant likelihood of Petitioner's removal to Eritrea in the reasonably foreseeable future[,]" *see id.*; Dkt. # 7 at 4, it has provided no evidence to support this assertion. *See generally* Dkt. In fact, the Government's evidence seems to confirm that removal is not reasonably foreseeable: it says that ICE began the travel document request process on December 21, 2025, has sought multiple status updates from the headquarters of the Refugee and International Operations (but does not appear to have received any positive responses), and has yet to receive a travel document for Petitioner or any other information that would suggest such a document is forthcoming. *See* Dkt. # 7 at 3–4.

Accordingly, the Court is persuaded that Petitioner's ongoing detention has become prolonged and indefinite in violation of the Due Process Clause of the Fifth Amendment. *See Zadvydas*, 533 U.S. at 682, 689, 701. Petitioner has thus met his burden of showing, by a preponderance of the evidence, that he is "in custody in violation of the Constitution or laws or treaties of the United States" and so is entitled to habeas relief. *See* 28 U.S.C. § 2241(c).

As for the relief itself, the Court agrees with Petitioner that he is entitled to release from detention on appropriate conditions of supervision. It also agrees that the Government should be prohibited from re-detaining Petitioner or removing him to a third country without meaningful notice and an opportunity to be heard, as that is what the Due Process Clause requires. *See, e.g.*, *Wana v. Bondi*, 2025 WL 3628634, at *6 (W.D. Wash. Dec. 15, 2025); *Babakhanlou v. Blanche*, 2026 WL 1020863, at *3 (W.D. Wash. Apr. 15, 2026). Petitioner's other requested relief, however, is unsupported by the record and so cannot be granted at this time. *See generally* Dkt. ## 1 & 10; *see also* Dkt. ## 5 at 7–12 (arguing that the Court lacks subject matter jurisdiction to

order certain relief and that Petitioner has failed to support his other requests for injunctive relief).

For these reasons, the Court:

(1) GRANTS the Petition for Writ of Habeas Corpus (Dkt. # 1) IN PART and ORDERS:

a. The Government, Respondent, and their respective officers, agents, employees, attorneys, and other persons acting on their behalf must release Petitioner from custody within 24 hours on reasonable conditions of supervision.

b. The Government, Respondent, and their respective officers, agents, employees, attorneys, and other persons acting on their behalf are prohibited from re-detaining Petitioner unless and until he is provided with adequate notice and a hearing before a neutral decisionmaker to determine whether re-detention is appropriate, in accordance with all applicable laws.

c. The Government, Respondent, and their respective officers, agents, employees, attorneys, and other persons acting on their behalf are prohibited from removing Petitioner to a third country unless and until he is provided with adequate notice and a meaningful opportunity to respond, in accordance with all applicable laws.

(2) DENIES Petitioner's other requested relief, without prejudice.

(3) DIRECTS the Clerk to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 27th day of July, 2026.

John H. Chun

John H. Chun
United States District Judge